`PROB 22
(Rev. 2/88)

## TRANSFER OF JURISDICTION

| CASE NUMBER *(Tran. Court)* |
|---|
| 2:14CR00632-02 |

| CASE NUMBER *(Rec. Court)* |
|---|
| |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT<br>Eastern District<br>of Pennsylvania | DIVISION<br>Philadelphia |
|---|---|---|

Angelica Philippopoulos

| | NAME OF SENTENCING JUDGE |
|---|---|
| | The Honorable Gene E.K. Pratter |

| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>5-16-17 | TO<br>5-15-22 |
|---|---|---|---|

**OFFENSE**

Bank fraud and aiding and abetting (Count One); and conspiracy to engage in monetary transactions in property derived from specified unlawful activity (Count Two)

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>Eastern District of Pennsylvania</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court **for the District of Connecticut** upon that Court's order of acceptance of jurisdiction.   This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

June 7, 2017
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>District of Connecticut</u>

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

6/27/17
_____
*Effective Date*

/s/ Janet C. Hall
_____
*United States District Judge*

CLOSED

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CRIMINAL DOCKET FOR CASE #: 2:14-cr-00632-GEKP-2

Case title: USA v. TRIMIS et al

Date Filed: 12/04/2014
Date Terminated: 05/16/2017

---

Assigned to: HONORABLE GENE E.K. PRATTER

**Defendant (2)**

**ANGELICA PHILIPPOPOULOS**
*TERMINATED: 05/16/2017*

represented by **MARK T. WILSON**
DEFENDER ASSOCIATION OF PHILADELPHIA
SUITE 540 W, THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106
215-928-1100
Fax: 215-928-1112
Email: mark_wilson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**ROBERT Y. ALTCHILER**
590 MADISON AVE 21ST FL
NEW YORK, NY 10022
212-541-2422
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1344 BANK FRAUD; 18:2 AIDING AND ABETTING
(1)

**Disposition**

IMPRISONMENT: 1 DAY, SUPERVISED RELEASE: 5 YEARS, SPECIAL ASSESSMENT: $200, RESTITUTION: $7,423,667

18:1956(h) CONSPIRACY TO
MONEY LAUNDER
(5)

IMPRISONMENT: 1 DAY,
SUPERVISED RELEASE: 3
YEARS, SPECIAL ASSESSMENT:
$200, RESTITUTION: $7,423,667

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1014 FALSE STATEMENT IN LOAN APPLICATION; 18:2 AIDING AND ABETTING (2-4) | DISMISSED |

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:371 - CONSPIRACY TO COMMIT BANK FRAUD, CONSPIRACY TO COMMIT MONEY LAUNDERING; 18:1343 - WIRE FRAUD; 18:1344 - BANK FRAUD; 18:1014 - FALSE STATEMENT ON LOAN APPLICATION; 18:2 AIDING AND ABETTING | |

---

**Plaintiff**

**USA**                     represented by **JUDY GOLDSTEIN SMITH**
                                          U.S. ATTORNEY'S OFFICE
                                          615 CHESTNUT STREET
                                          SUITE 1250
                                          PHILA, PA 19106-4476
                                          215-861-8511
                                          Fax: 215-861-8618
                                          Email: judy.smith@usdoj.gov
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*
                                          *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2013 | 1 | COMPLAINT as to ANGELICA PHILIPPOPOULOS (1). (macsl, )[2:13-mj-01405 *SEALED*] (kksl, ). (Entered: 12/12/2013) |
| 12/12/2013 | 2 | MOTION AND ORDER AS TO ANGELICA PHILIPPOPOULOS THAT THIS MATTER IS SEALED AND IMPOUNDED UNTIL FURTHER ORDER OF THE COURT OR UNTIL NOTIFIED BY THE U.S. ATTORNEY'S OFFICE, ETC.. Signed by MAGISTRATE JUDGE HENRY S. PERKIN on 12/12/13.12/12/13 Entered. (macsl, )[2:13-mj-01405 *SEALED*] (kksl, ). (Entered: 12/12/2013) |
| 12/04/2014 | 3 | SEALED INDICTMENT as to ANGELICA PHILIPPOPOULOS (2) count(s) 1, 2-4, 5, GEORGE TRIMIS (1) count(s) 1, 2-4, 5. (tjsl, ) (Additional attachment(s) added on 12/23/2014: # 1 DESIGNATION FORM) (ap, ). (Entered: 12/05/2014) |
| 12/04/2014 | 4 | MOTION AND ORDER TO SEAL INDICTMENT AS TO GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS.. Signed by MAGISTRATE JUDGE RICHARD A. LLORET on 12/4/14.12/5/14 Entered and Copies E-Mailed. (tjsl, ) (Entered: 12/05/2014) |
| 12/04/2014 | 6 | MOTION AND ORDER FOR ISSUANCE OF BENCH WARRANT AS TO ANGELICA PHILIPPOPOULOS. Signed by MAGISTRATE JUDGE RICHARD A. LLORET on 12/4/14.12/5/14 Entered and Copies E-Mailed. (tjsl, ) (Entered: 12/05/2014) |
| 12/19/2014 | 7 | Letter from AUSA Unsealing Indictment/Information as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS (kksl, ) (Entered: 12/22/2014) |
| 02/13/2015 | 12 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Initial Appearance set for 2/19/2015 01:30 PM in COURTROOM 5-A before MAGISTRATE JUDGE THOMAS J. RUETER. (mlc, ) (Entered: 02/13/2015) |
| 02/20/2015 | 16 | NOTICE Regarding United States Passport for Criminal Defendant as to ANGELICA PHILIPPOPOULOS (kk, ) (Entered: 02/20/2015) |
| 02/20/2015 | 17 | Minute Entry for proceedings held before MAGISTRATE JUDGE THOMAS J. RUETER RE:IA/ARR/PTD as to ANGELICA PHILIPPOPOULOS held on 2/19/2015. THE GOVERNMENT AND DEFENSE HAVE AGREED TO CONDITIONS OF RELEASE. PLEA: NOT GUILTY TO ALL COUNTS. COUNSEL HAVE 14 DAYS TO FILE PRETRIAL MOTIONS. SIGNED BY JUDGE RUETER. Court Reporter ESR.(kk, ) (Entered: 02/23/2015) |

| 02/20/2015 | 18 | ORDER SETTING CONDITIONS OF RELEASE AS TO ANGELICA PHILIPPOPOULOS THAT THE DEFENDANT IS RLEASED ON BAIL IN THE AMOUNT OF $25,000 O/R WITH CONDITIONS OUTLINED HEREIN. Signed by MAGISTRATE JUDGE THOMAS J. RUETER on 2/19/2015.2/23/2015 Entered and Copies E-Mailed. (kk, ) (Entered: 02/23/2015) |
|---|---|---|
| 02/20/2015 | | O/R Bond Entered as to ANGELICA PHILIPPOPOULOS in amount of $ $25,000, (kk, ) (Entered: 02/23/2015) |
| 02/20/2015 | 19 | NOTICE OF ATTORNEY APPEARANCE ROBERT Y. ALTCHILER appearing for ANGELICA PHILIPPOPOULOS (kk, ) (Entered: 02/24/2015) |
| 03/12/2015 | 21 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS JURY TRIAL SET FOR 4/27/2015 09:30 AM IN COURTROOM 10-B BEFORE HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 03/12/2015) |
| 03/29/2015 | 22 | Consent MOTION FOR COMPLEX CASE DESIGNATION AND SPEEDY TRIAL CONTINUANCE by USA as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS. CERTIFICATE OF SERVICE. (SMITH, JUDY) Modified on 3/30/2015 (ap, ). (Entered: 03/29/2015) |
| 04/01/2015 | 23 | First MOTION for Pro Hac Vice *Admission of Anthony Pope, Esq.* by GEORGE TRIMIS as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS. (Attachments: # 1 Supplement Supp. Cert. per Judge Pratter's Rules, # 2 Text of Proposed Order Form of Order)($40 FEE PAID PPE118893)(GORDON, DANIELLA) Modified on 4/7/2015 (kk, ). (Entered: 04/01/2015) |
| 04/06/2015 | 24 | MOTION for Protective Order by USA as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS. CERTIFICATE OF SERVICE. (SMITH, JUDY) Modified on 4/7/2015 (ap, ). (Entered: 04/06/2015) |
| 04/10/2015 | 26 | First MOTION to Change Surety with Consent of Government by GEORGE TRIMIS as to GEORGE TRIMIS . (Attachments: # 1 Certificate of Service)(GORDON, DANIELLA) Modified on 4/13/2015 (ap, ). (Entered: 04/10/2015) |
| 04/21/2015 | 27 | ORDER AS TO GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS THAT PURSUANT TO 18 U.S.C. 3161(h)(7)(A),(B)(i), AND (B)(ii), THE CAPTIONED CASE IS CONTINUED BEYOND THE TIME ESTABLISHED BY THE SPEEDY TRIAL ACT AND THE DELAY RESULTING FROM THIS CONTINUANCE SHALL BE EXCLUDED FROM SPEEDY TRIAL CALCULATIONS BECAUSE THE ENDS OF JUSTICE SERVED BY SUCH CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFT'S IN A |

| | | |
|---|---|---|
| | | SPEEDY TRIAL. Signed by HONORABLE GENE E.K. PRATTER on 4/20/2015.4/21/2015 Entered and Copies E-Mailed. (kk, ) (Entered: 04/21/2015) |
| 04/24/2015 | 28 | ORDER AS TO ANGELICA PHILIPPOPOULOS THAT THE FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA IS HEREBY APPOINTED PURSUANT TO TITLE 18, SEC. 3006A TO REPRESENT SAID DEFT IN THE ABOVE MATTER, SAID APPOINTMENT SHALL REMAIN IN EFFECT UNTIL TERMINATED OR SUBSTITUTED ATTORNEY IS APPOINTED. Signed by HONORABLE GENE E.K. PRATTER on 4/22/2015.4/24/2015 Entered and Copies E-Mailed. (kk, ) (Entered: 04/24/2015) |
| 04/24/2015 | 29 | CJA 23 Financial Affidavit by ANGELICA PHILIPPOPOULOS (kk, ) (Entered: 04/24/2015) |
| 04/24/2015 | 30 | NOTICE OF ATTORNEY APPEARANCE MARK T. WILSON appearing for ANGELICA PHILIPPOPOULOS . CERTIFICATE OF SERVICE. (WILSON, MARK) Modified on 4/27/2015 (ap, ). (Entered: 04/24/2015) |
| 06/03/2015 | 34 | ORDER as to GEORGE TRIMIS (1), ANGELICA PHILIPPOPOULOS (2) THAT THE MOTION FOR A PROTECTIVE ORDER IS GRANTED AS OUTLINED HEREIN. Signed by HONORABLE GENE E.K. PRATTER on 6/2/2015.6/3/2015 ENTERED AND COPIES E-MAILED.(kk, ) (Entered: 06/03/2015) |
| 06/03/2015 | 35 | ORDER AS TO GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS THAT THIS TRIAL IS SPECIALLY LISTED TO COMMENCE ON 11/2/2015 AT 09:30 AM IN COURTROOM 10-B BEFORE HONORABLE GENE E.K. PRATTER. PRETRIAL MOTIONS SHALL BE FILED AND SERVED ON OR BEFORE 9/14/2015, ETC. Signed by HONORABLE GENE E.K. PRATTER on 6/2/2015.6/3/2015 Entered and Copies E-Mailed. (kk, ) (Entered: 06/03/2015) |
| 07/20/2015 | 37 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS JURY TRIAL SET FOR 11/2/2015 09:30 AM IN COURTROOM 10-B BEFORE HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 07/20/2015) |
| 07/20/2015 | 38 | NOTICE OF HEARING as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS FINAL PRETRIAL CONFERENCE SET FOR 10/14/2015 03:00 PM IN JUDGE'S CHAMBERS BEFORE HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 07/20/2015) |
| 08/11/2015 | 39 | First MOTION to Continue *Trial and All Dates* by GEORGE TRIMIS as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS. |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE. (GORDON, DANIELLA) Modified on 8/12/2015 (ap, ). (Entered: 08/11/2015) |
| 08/21/2015 | 40 | ORDER THAT 39 MOTION TO CONTINUE AS TO GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS IS GRANTED, THE TRIAL IN THIS MATTER IS CONTINUED. BY SEPARATE ORDER THE COURT WILL SCHEDULE A STATUS CONFERENCE TO DISCUSS SCHEDULING A NEW TRIAL DATE, ETC. Signed by HONORABLE GENE E.K. PRATTER on 8/20/15.8/21/15 ENTERED AND COPIES E-MAILED.(ke) (Entered: 08/21/2015) |
| 08/21/2015 | | ***Terminate Deadlines and Hearings as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS: (ke) (Entered: 08/21/2015) |
| 09/16/2015 | 42 | First MOTION to Modify Conditions of Release by GEORGE TRIMIS as to GEORGE TRIMIS, ANGELICA PHILIPPOPOULOS. CERTIFICATE OF SERVICE. (GORDON, DANIELLA) Modified on 9/17/2015 (ap, ). (Entered: 09/16/2015) |
| 10/23/2015 | 44 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Change of Plea Hearing set for 11/24/2015 02:00 PM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 10/23/2015) |
| 11/30/2015 | 49 | Minute Entry for proceedings held before HONORABLE GENE E.K. PRATTER : Change of Plea Hearing as to ANGELICA PHILIPPOPOULOS held on 11/24/2015. Counsel address the Court. Defendant sworn. Rule 11 colloquy. Plea entered as to ANGELICA PHILIPPOPOULOS (2) Guilty Count 1,5. Sentencing set for 2/25/2016 at 10 AM. Presentence investigation ordered. Bail continued. Court Reporter K FELDMAN.(ap, ) (Entered: 11/30/2015) |
| 11/30/2015 | 50 | Plea Document as to ANGELICA PHILIPPOPOULOS (ap, ) (Entered: 12/01/2015) |
| 11/30/2015 | 51 | Plea Document BY USA as to ANGELICA PHILIPPOPOULOS. CERTIFICATE OF SERVICE. (ap, ) (Entered: 12/01/2015) |
| 11/30/2015 | 52 | JUDICIAL DOCUMENT AS TO ANGELICA PHILIPPOPOULOS. Signed by HONORABLE GENE E.K. PRATTER on 11/30/2015.12/1/2015 Entered and Copies Mailed. (ap, ) (Entered: 12/01/2015) |
| 12/08/2015 | 53 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 2/25/2016 10:00 AM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 12/08/2015) |
| 01/20/2016 | 54 | MOTION to Modify Conditions of Release *For Return of Portion of Bail* by GEORGE TRIMIS . (Atty linked mtn to all defts.) (Attachments: # 1 |

| | | |
|---|---|---|
| | | Text of Proposed Order Proposed Order, # 2 Certificate of Service Certificate of Service)(POPE, ANTHONY) Modified on 1/21/2016 (ap, ). (Entered: 01/20/2016) |
| 02/22/2016 | 57 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 6/13/2016 10:00 AM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 02/22/2016) |
| 04/07/2016 | 62 | REPORT AND ORDER OF PRETRIAL OFFICER AS TO ANGELICA PHILIPPOPOULOS THAT THE "MAINTAIN RESIDENCE" CONDITION BE AMENDED TO REFLECT THAT THE DEFT. IS PERMITTED TO RESIDE AT 139 HIGHVIEW AVENUE, FRONT, STAMFORD, CT 06902, AND THAT SHE BE ABLE TO RELOCATE WITHIN THE DISTRICT OF CONNECTICUT WITH PRIOR APPROVAL OF PRETRIAL SERVICES. Signed by HONORABLE GENE E.K. PRATTER on 4/6/16.4/7/16 Entered and Copies E-Mailed. (ke) (Entered: 04/07/2016) |
| 05/25/2016 | 69 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 9/12/2016 02:00 PM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 05/25/2016) |
| 09/06/2016 | 75 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 12/15/2016 02:00 PM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 09/06/2016) |
| 12/06/2016 | 80 | MOTION to Permit *Travel, Unopposed* by ANGELICA PHILIPPOPOULOS. (WILSON, MARK) (Entered: 12/06/2016) |
| 12/07/2016 | 82 | ORDER AS TO ANGELICA PHILIPPOPOULOS (2) THAT THE DEFT'S UNOPPOSED MOTION FOR PERMISSION TO TRAVEL IS GRANTED. DEFT SHALL BE PERMITTED TO TRAVEL TO THE DISTRICT OF MASSACHUSETTS ON THIS DATE AND SHALL RETURN TO HER RESIDENCE IN THE DISTRICT OF CONNECTICUT ON 12/7/2016. Signed by HONORABLE GENE E.K. PRATTER on 12/6/2016.12/7/2016 ENTERED AND COPIES E-MAILED.(tomg, ) (Entered: 12/07/2016) |
| 12/07/2016 | 83 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 1/26/2017 02:00 PM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 12/07/2016) |
| 12/29/2016 | 84 | Second MOTION to Permit *Travel* by ANGELICA PHILIPPOPOULOS. (WILSON, MARK) (Entered: 12/29/2016) |
| 01/03/2017 | 85 | ORDER as to ANGELICA PHILIPPOPOULOS (2) THAT THE MOTION IS GRANTED. ANGELICA PHILIPPOPOULOS SHALL BE PERMITTED TO TRAVEL TO THE DISTRICT OF MASSACHUSETTS ON JANUARY 3, 2017, AND SHALL RETURN |

| | | |
|---|---|---|
| | | TO HER RESIDENCE IN THE DISTRICT OF CONNECTICUT ON JANUARY 4, 2017. Signed by HONORABLE GENE E.K. PRATTER on 1/3/2017.1/3/2017 ENTERED AND COPIES E-MAILED.(kk, ) (Entered: 01/03/2017) |
| 01/19/2017 | 88 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 3/1/2017 02:00 PM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 01/19/2017) |
| 01/25/2017 | 89 | Third MOTION Permission to Travel by ANGELICA PHILIPPOPOULOS. (WILSON, MARK) (Entered: 01/25/2017) |
| 01/30/2017 | 90 | ORDER as to ANGELICA PHILIPPOPOULOS (2) THAT THE MOTION FOR PERMISSION TO TRAVEL IS GRANTED. ANGELICA PHILIPPOPOULOS SHALL BE PERMITTED TO TRAVEL TO THE DISTRICT OF MASSACHUSETTS ON JANUARY 31, 2017, AND SHALL RETURN TO HER RESIDENCE IN THE DISTRICT OF CONNECTICUT ON FEBRUARY 1, 2017. Signed by HONORABLE GENE E.K. PRATTER on 1/27/2017.1/31/2017 ENTERED AND COPIES E-MAILED.(kk, ) (Entered: 01/31/2017) |
| 02/08/2017 | 94 | GOVERNMENT'S MOTION FOR FORFEITURE MONEY JUDGEMENT by USA as to ANGELICA PHILIPPOPOULOS, CERTIFICATE OF SERVICE. (SMITH, JUDY) Modified on 2/9/2017 (ke, ). (Entered: 02/08/2017) |
| 02/23/2017 | 101 | SENTENCING DOCUMENT as to ANGELICA PHILIPPOPOULOS (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(WILSON, MARK) (Entered: 02/23/2017) |
| 03/21/2017 | 102 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 4/19/2017 02:00 PM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 03/21/2017) |
| 04/13/2017 | 108 | NOTICE OF HEARING as to ANGELICA PHILIPPOPOULOS Sentencing set for 5/16/2017 10:00 AM in COURTROOM 10-B before HONORABLE GENE E.K. PRATTER. (mlc, ) (Entered: 04/13/2017) |
| 05/05/2017 | 109 | Fourth MOTION to Permit *Travel* by ANGELICA PHILIPPOPOULOS. (WILSON, MARK) (Entered: 05/05/2017) |
| 05/15/2017 | 110 | ORDER as to ANGELICA PHILIPPOPOULOS (2) THAT THE MOTION FOR PERMISSION TO TRAVEL IS GRANTED, ETC. Signed by HONORABLE GENE E.K. PRATTER on 5/11/2017.5/15/2017 ENTERED AND COPIES E-MAILED.(kk, ) (Entered: 05/15/2017) |

| | | |
|---|---|---|
| 05/16/2017 | 112 | Sentencing Document by USA as to ANGELICA PHILIPPOPOULOS. CERTIFICATE OF SERVICE. (FILED UNDER SEAL) (kk, ) (kk, ). (Entered: 05/17/2017) |
| 05/16/2017 | 113 | SEALED JUDICIAL DOCUMENT AS TO ANGELICA PHILIPPOPOULOS. Signed by HONORABLE GENE E.K. PRATTER on 5/16/2017.5/17/2017 Entered and Copies Mailed. (FILED UNDER SEAL)(kk, ) (kk, ). Modified on 5/18/2017 (ke, ). (Entered: 05/17/2017) |
| 05/16/2017 | 114 | JUDICIAL DOCUMENT AS TO ANGELICA PHILIPPOPOULOS. Signed by HONORABLE GENE E.K. PRATTER on 5/16/2017.5/17/2017 ENTERED AND COPIES MAILED. (FILED UNDER SEAL)(kk, ) (kk, ). (Entered: 05/17/2017) |
| 05/16/2017 | 115 | Minute Entry for proceedings held before HONORABLE GENE E.K. PRATTER in Courtroom 10-B RE: Sentencing held on 5/16/2017 for ANGELICA PHILIPPOPOULOS (2), Count(s) 1, IMPRISONMENT: 1 DAY, SUPERVISED RELEASE: 5 YEARS, SPECIAL ASSESSMENT: $200, RESTITUTION: $7,423,667; Count(s) 2-4, DISMISSED; Count(s) 5, IMPRISONMENT: 1 DAY, SUPERVISED RELEASE: 3 YEARS, SPECIAL ASSESSMENT: $200, RESTITUTION: $7,423,667.Court Reporter K. FELDMAN.(kk, ) (Entered: 05/17/2017) |
| 05/16/2017 | 116 | JUDGMENT AS TO ANGELICA PHILIPPOPOULOS (2), Count(s) 1, IMPRISONMENT: 1 DAY, SUPERVISED RELEASE: 5 YEARS, SPECIAL ASSESSMENT: $200, RESTITUTION: $7,423,667; Count(s) 2-4, DISMISSED; Count(s) 5, IMPRISONMENT: 1 DAY, SUPERVISED RELEASE: 3 YEARS, SPECIAL ASSESSMENT: $200, RESTITUTION: $7,423,667. Signed by HONORABLE GENE E.K. PRATTER on 5/16/2017.5/17/2017 Entered and Copies Mailed, E-Mailed and Faxed by Chambers. (kk, ) (Entered: 05/17/2017) |
| 05/16/2017 | 117 | FORFEITURE MONEY JUDGMENT AS TO ANGELICA PHILIPPOPOULOS. Signed by HONORABLE GENE E.K. PRATTER on 5/16/2017.5/17/2017 Entered and Copies E-Mailed. (COPIES TO FBI, USMS)(kk, ) (Entered: 05/17/2017) |
| 05/17/2017 | 118 | ORDER AS TO ANGELICA PHILIPPOPOULOS THAT THE MOTION TO DISMISS IS GRANTED. COUNTS 2 THROUGH 4 OF THE INDICTMENT ARE DISMISSED. Signed by HONORABLE GENE E.K. PRATTER on 5/16/2017.5/17/2017 Entered and Copies E-Mailed. (kk, ) (Entered: 05/17/2017) |
| 05/17/2017 | 119 | ORDER AS TO ANGELICA PHILIPPOPOULOS THAT THE TRANSCRIPT OF THE HEARING HELD IN THE ABOVE-CAPTIONED CASE ON MAY 16, 2017 IS SEALED AND IMPOUNDED UNTIL FURTHER ORDER OF THIS COURT. Signed |

| | | |
|---|---|---|
| | | by HONORABLE GENE E.K. PRATTER on 5/16/2017.5/17/2017 Entered and Copies E-Mailed. (kk, ) (Entered: 05/17/2017) |
| 06/09/2017 | 120 | MOTION for Return of Property/PostTrial *Passport* by ANGELICA PHILIPPOPOULOS. (WILSON, MARK) (Entered: 06/09/2017) |
| 06/15/2017 | 121 | ORDER AS TO ANGELICA PHILIPPOPOULOS THAT THE UNITED STATES PRETRIAL SERVICES OFFICE AND/OR THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA SHALL RETURN THE PASSPORT OF ANGELICA PHILIPPOPOULOS TO HER. Signed by HONORABLE GENE E.K. PRATTER on 6/13/2017.6/15/2017 Entered and Copies E-Mailed. (kk, ) (Entered: 06/15/2017) |
| 07/24/2017 | 122 | Probation Jurisdiction Transferred to DISTRICT OF CONNECTICUT as to ANGELICA PHILIPPOPOULOS Transmitted Transfer of Jurisdiction form, with certified copies of Indictment, Judgment and Docket Sheet. (ke) (Entered: 07/24/2017) |
| 07/26/2017 | | ***Transfer as to ANGELICA PHILIPPOPOULOS to the District of Connecticut. (eibo, ) (Entered: 07/26/2017) |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO _____ |
| v. | : | DATE FILED: _____ |
| GEORGE TRIMIS | : | VIOLATION:  18 U.S.C. § 1344 (bank |
| ANGELICA PHILIPPOPOULOS | : | fraud -1 count); |
| | : | 18 U.S.C. § 1014 (false statement in loan |
| | | application-3 counts); |
| | : | 18 U.S.C. § 1956(h) (conspiracy to money |
| | | launder-1 count) |
| | : | 18 U.S.C. §  2 (aiding and abetting) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At times material to this indictment:

1.     Beneficial Mutual Savings Bank (Beneficial Bank) was a financial institution, headquartered in Philadelphia, Pennsylvania, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).  Beneficial Mutual Bancorp, Inc. is a savings and loan holding company registered as the parent company for Beneficial Mutual Savings Bank.  The FDIC is the primary federal regulator for Beneficial Mutual Savings Bank, and the Board of Governors of the Federal Reserve System is the primary federal regulator for Beneficial Mutual Bancorp, Inc.

2.     The Wilson Building was a commercial office building in Camden, New Jersey.

1

3.    Dysart Ventures Inc. ("Dysart") advertised itself as a New York real estate service firm that engaged in domestic and international property acquisition, development and financing. Defendant ANGELICA PHILIPPOPOULOS was purported to be the president of Dysart and defendant GEORGE TRIMIS purported to be the vice president. Defendants PHILIPPOPOULOS and TRIMIS also purported to be officers and/or managers of Wilson Development Associates LLC ("Wilson Development").

4.    Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, had applied for and/or were receiving proceeds of loans from Beneficial Bank on behalf of Dysart and Wilson Development to purchase and renovate the Wilson Building, including an approximately $2.4 million loan for the purchase of the building ("purchase loan"), and an additional approximately $9.975 million loan, to be taken as a draw as renovations progressed ("renovation loan"). Dysart was the original applicant for the loan, which was issued to Wilson Development. Dysart received the loan proceeds. Defendant PHILIPPOPOULOS was the guarantor of the loan.

5.    From in or about at least April 2008 through in or about July 2011, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

knowingly executed, and attempted to execute, and aided and abetted the execution and attempted execution of a scheme to defraud Beneficial Bank, and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

2

**THE SCHEME**

It was a part of the scheme that:

6.     Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS submitted the following materially false and misleading documents, among others, in order to obtain the purchase and renovation loans from Beneficial Bank: (a) resumes which provided false information concerning defendant PHILIPPOPOULOS's education and experience in architecture and real estate development; (b) documents which made it appear that defendant PHILIPPOPOULOS would have a significant role in the management of renovations and rentals for the Wilson Building when she had no role in its management; (c) false tax returns; (d) false bank and brokerage statements; (e) statements concerning the number of tenants that had committed to lease in the Wilson Building and the purposes for which defendants PHILIPPOPOULOS and TRIMIS intended to use loan proceeds.

7.     In or about Spring 2008, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused documents in support of the purchase and renovation loans to be submitted to Beneficial Bank, including the following false and misleading documents:

(a)     Defendant ANGELICA PHILIPPOPOULOS' resume which falsely stated that: (i) she had a bachelor's degree from Yale University in architecture and a master's degree in business administration from Columbia University, when she did not attend either of those universities and did not have either of those degrees; (ii) she had founded Dysart, was its President and Chief Executive Officer, and oversaw its day to day operations, when in fact defendant GEORGE TRIMIS had control of the company, and defendant PHILIPPOPOULOS had neither an ownership interest in the company nor a role in its operations.

3

(b)      Dysart's purported return for tax year 2006 which stated that Dysart's gross sales were $14,376,111 and its taxable income was $2,561,776, when the Dysart returns submitted to the Internal Revenue Service ("IRS") stated that the company's gross sales were $1,403,952 and its taxable income was negative $1,286,881.

(c)      Defendant ANGELICA PHILIPPOPOULOS' purported return for tax year 2006, which stated that PHILIPPOPOULOS had wages of $625,000 and that her taxable income was $1,336,515, when her wages and income for that tax year were significantly lower.

(d)      Documents which stated that defendant ANGELICA PHILIPPOPOULOS had a personal net worth of $30.3 million in 2006, and that her adjusted gross income was at least $1 million per year in each year from 2004 through 2006, when her net worth and income were substantially less than the amounts reflected in those documents.

8.      On or about December 18, 2009, in order to obtain funds from the renovation loan, defendant GEORGE TRIMIS caused Beneficial Bank to be provided false documents, including:

(a) defendant PHILIPPOPOULOS' purported return for tax year 2007 which stated that her wages were $700,000 and her taxable income was $1,312,517, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

(b) defendant PHILIPPOPOULOS' purported return for tax year 2008 which stated that her wages were $725,000 and her taxable income was $1,360,290, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

4

(c) Dysart's purported return for tax year 2007 which stated that the company had gross sales of $18,688,944 and taxable income of $3,303,010, when the return filed with the IRS showed gross sales of $1,629,012 and taxable income of $7,930; and

(d) Dysart's purported return for tax year 2008 which stated that the company's gross sales were $29,782,541 and its taxable income was $6,426,399, when the return filed with the IRS showed gross sales of only $390,333 and taxable income of negative $1,399,509.

9.      From in or about January 2009 through in or about January 2011, at various times, defendant GEORGE TRIMIS caused at least four signed and unsigned leases by tenants for the Wilson Building to be submitted to Beneficial Bank, without disclosing that those prospective tenants would not be leasing space in the building.

10.     On or about November 2, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, knowing that the renovation loan was approved by Beneficial for the purpose of renovations to the Wilson Building, diverted approximately $800,000 of loan proceeds to an account controlled by defendant PHILIPPOPOULOS for their personal use.

11.     On or about November 9, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, knowing that the renovation loan was approved by Beneficial for the purpose of renovations to the Wilson Building, diverted approximately $1 million of loan proceeds to an account controlled by defendant PHILIPPOPOULOS for their personal use.

5

12.     From in or about December 2010 to in or about January 2011, defendant GEORGE TRIMIS, in order to obtain funds from the renovation loan, caused false documents to be submitted to Beneficial, including:

(a) a financial statement for defendant ANGELICA PHILIPPOPOULOS which stated that she had a net worth of $41,965,760, when in fact defendant PHILIPPOPOULOS was unemployed and had minimal assets;

(b) a purported Fidelity Investments statement for defendant PHILIPPOPOULOS dated September 30, 2010, which stated that the balance in her account was $10,803,892.91, when the balance was actually $77.01; and

(c) a purported Wachovia Bank statement for PHILIPPOPOULOS dated October 9, 2010, which stated that the balance in her account was $9,351,498, when the balance was actually less than $1,000.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     Paragraphs 1 through 4 of Count One are incorporated here.

      2.     In or about April 2008, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and**
**GEORGE TRIMIS**

knowingly made and caused to be made to Beneficial Bank a false statement, and aided and abetted the making of a false statement, for the purpose of influencing the actions of Beneficial Bank upon a loan, that is, the purchase and renovation loans on behalf of Dysart and Wilson Development for the purchase and renovation of the Wilson Building, in that defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused to be submitted to Beneficial Bank the following false documents:

      (a)     Defendant ANGELICA PHILIPPOPOULOS' resume which falsely stated that: (i) she had a bachelor's degree from Yale University in architecture and a master's degree in business administration from Columbia University, when she did not attend either of those universities and did not have either of those degrees; (ii) she had founded Dysart, was its President and Chief Executive Officer, and oversaw its day to day operations, when in fact defendant GEORGE TRIMIS had control of the company, and defendant PHILIPPOPOULOS had neither an ownership interest in the company nor a role in its operations.

7

        (b)     A return for tax year 2006 for Dysart which stated that Dysart's gross sales were $14,376,111 and its taxable income was $2,561,776, when the Dysart returns submitted to the Internal Revenue Service ("IRS") state that the company's gross sales were $1,403,952 and its taxable income was negative $1,286,881.

        (c)     A return for tax year 2006 for defendant PHILIPPOPOULOS which stated that PHILIPPOPOULOS had wages of $625,000 and that her taxable income was $1,336,515, when her wages and income for that tax year were significantly lower.

        (d)     Documents which stated that defendant ANGELICA PHILIPPOPOULOS had a personal net worth of $30.3 million in 2006, and that her adjusted gross income was at least $1 million per year in each year from 2004 through 2006, when her net worth and income were substantially less than the amounts reflected in those documents.

        In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 4 of Count One are incorporated here.

      2.      On or about December 18, 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

knowingly made and caused to be made to Beneficial Bank a false statement, and did aid and abet the making of a false statement, for the purpose of influencing the actions of Beneficial Bank upon a loan, that is, the renovation loan on behalf of Wilson Development, in that defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused to be submitted to Beneficial Bank the following false documents in order to obtain funds from the renovation loan:

      (a)      a purported return for tax year 2007 for defendant PHILIPPOPOULOS which stated that her wages were $700,000 and her taxable income was $1,312,517, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

      (b)      a purported return for tax year 2008 for defendant PHILIPPOPOULOS which stated that her wages were $725,000 and her taxable income was $1,360,290, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

      (c)      a purported return for tax year 2007 for Dysart which stated that the company had gross sales of $18,688,944 and taxable income of $3,303,010, when the return filed with the IRS showed gross sales of $1,629,012 and taxable income of $7,930; and

9

(d)     a purported return for tax year 2008 for Dysart which stated that the

company's gross sales were $29,782,541 and its taxable income was $6,426,399, when the return

filed with the IRS showed gross sales of only $390,333 and taxable income of negative

$1,399,509.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 4 of Count One are incorporated here.

      2.      In or about December 2010 and January 2011, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

knowingly made and caused to be made to Beneficial Bank a false statement, and aided and abetted the making of a false statement, for the purpose of influencing the actions of Beneficial Bank upon a loan, that is, the renovation loan on behalf of Wilson Development, in that defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused to be submitted to Beneficial Bank the following false documents in order to obtain funds from the renovation loan:

      (a)      a financial statement for defendant ANGELICA PHILIPPOPOULOS which stated that she had a net worth of $41,965,760, when in fact defendant PHILIPPOPOULOS was unemployed and had minimal assets;

      (b)      a purported Fidelity Investments statement for defendant PHILIPPOPOULOS dated September 30, 2010, which stated that the balance in her account was $10,803,892.91, when the balance was actually $77.01; and

      (c)      a purported Wachovia Bank statement for PHILIPPOPOULOS dated October 9, 2010, which stated that the balance in her account was $9,351,498, when the balance was actually less than $1,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

11

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    Paragraphs 1 through 4 and 6 through 12 of Count One are incorporated here.

      At all times material to this indictment:

      2.    TD Bank NA was a financial institution, the deposits of which were insured by Federal Deposit Insurance Corporation.

### The Conspiracy

      3.    From in or about November 2, 2010 through in or about at least July 29, 2011 in the Eastern District of Pennsylvania, and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and**
**GEORGE TRIMIS**

knowingly combined, conspired, and agreed to commit an offense against the United States, that is, to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud and false statements in connection with a loan application, in violation of Title 18, United States Code, Section 1957.

### MANNER AND MEANS

      It was part of the conspiracy that:

      4.    Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused Beneficial Bank to deposit the proceeds of bank fraud they had committed in connection with the Wilson Building loans into an account under their control at Beneficial Bank.

12

5.      Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS then caused loan proceeds in amounts exceeding $10,000 per transaction to be transferred from the account under their control at Beneficial Bank to a Dysart account at TD Bank.

6.      Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS then caused at least approximately $1.8 million of the proceeds of bank fraud, which had been intended by Beneficial Bank to be used for the renovation of the Wilson Building, to be used for their personal expenses.

7.      On or about May 19, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,830,561 of bank fraud proceeds from the renovation loan to be deposited into an account under their control at Beneficial Bank.

8.      On or about May 20, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,830,216 of bank fraud proceeds obtained renovation loan to be wire transferred to a Dysart account at TD Bank.

9.      On or about July 16, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,746,237 of bank fraud proceeds obtained from the renovation loan to be deposited into an account under their control at Beneficial Bank.

10.      On or about July 16, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,745,892 of the proceeds from the renovation loan bank fraud to be wire transferred to a Dysart account at TD Bank.

11.      On or about November 2, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $800,000 of proceeds of bank fraud, to be transferred from the Dysart account at TD Bank to a TD Ameritrade Account in Philippopoulos' name, in order to purchase approximately $799,792.82 of stock in Company A.

12. On or about November 17, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $1,000,000 which had been transferred from the account under their control at Beneficial Bank to the Dysart account at TD Bank to be transferred to a TD Ameritrade Account in Philippopoulos' name, where it was used to purchase approximately $999,933.73 of stock in Company A.

13. On or about July 29, 2011, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, used approximately $90,000 of the proceeds of bank fraud in connection with loans for the purchase and renovation of the Wilson Building, to be transferred from an account under their control at Beneficial Bank, to the Dysart account at TD Bank and then to defendant PHILIPPOPOULOS' account at TD Ameritrade, where they were used by defendant Philippopoulos in connection with her purchase of a property in New York, New York.

All in violation of Title 18, United States Code, Section 1956(h).

14

## NOTICE OF FORFEITURE #1

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.     As a result of the violations of Title 18, United States Code, Sections 1344 and 2, bank fraud and aiding and abetting, set forth in this indictment, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of $9,620,773.

    2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

        (a) cannot be located upon the exercise of due diligence;

        (b) has been transferred or sold to, or deposited with, a third party;

        (c) has been placed beyond the jurisdiction of the Court;

        (d) has been substantially diminished in value; or

        (e) has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

    All pursuant to Title 18, United States Code, Section 982(a)(2).

## NOTICE OF FORFEITURE #2

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 18, United States Code, Sections 1956 and 2, set forth in this indictment, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of $1,890,000.

      2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

         (a) cannot be located upon the exercise of due diligence;

         (b) has been transferred or sold to, or deposited with, a third party;

         (c) has been placed beyond the jurisdiction of the Court;

         (d) has been substantially diminished in value; or

         (e) has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## INDICTMENT

DESIGNATION FORM to be used by counsel to indicate the category of the case for the
purpose of assignment to appropriate calendar.    *14c632*

Address of Plaintiff:   615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Post Office:   Philadelphia                              County:   Philadelphia

City and State of Defendant:   See Attachment "A"

County:                             Register number:

Place of accident, incident, or transaction:          Eastern District of Pennsylvania

Post Office:   Philadelphia                        County:   Philadelphia
RELATED CASE, IF ANY:

Criminal cases are deemed related when the answer to the following question is "yes".

Does this case involve a defendant or defendants alleged to have participated in the same action
or transaction, or in the same series of acts or transactions, constituting an offense or offenses?

YES/NO: No

Case Number:  N/A                          Judge: N/A

CRIMINAL:  (Criminal Category - FOR USE BY U.S. ATTORNEY ONLY)

1.        ⊙ Antitrust

2.        ⊙ Income Tax and other Tax Prosecutions

3.        ⊙ Commercial Mail Fraud

4.        ⊙ Controlled Substances

5.        ⊙ Violations of 18 U.S.C. Chapters 95 and 96 (Sections 1951-55 and 1961-68)
          and Mail Fraud other than commercial

6.        ⦿ General Criminal
          (U.S. ATTORNEY WILL PLEASE DESIGNATE PARTICULAR  CRIME AND
          STATUTE CHARGED TO BE VIOLATED AND STATE ANY PREVIOUS
          CRIMINAL NUMBER FOR SPEEDY TRIAL ACT TRACKING PURPOSES)
18 U.S.C. § 1344 (bank fraud – 1 count); 18 U.S.C. § 1014 (false statement in loan
application – 3 counts); 18 U.S.C. § 1956(h) (conspiracy to money launder – 1 count);
18 U.S.C. § 2 (aiding and abetting); Notice of Forfeiture

DATE:   December 4, 2014                    *Judy G. Smith*
                                            Judy G. Smith
                                            Assistant United States Attorney

File No. 2012R00327
U.S. v. George Trimis and Angelica Philippopoulos

# ATTACHMENT "A"

George Trimis

Address:     Greece

Angelica Philippopoulos

Address:     16 Burwood Avenue

               Stamford, CT  06902

AO 245B (Rev. 02/16) Judgment in a Criminal Case
      Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>ANGELICA PHILIPPOPOULOS | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    DPAE2:14CR000632-002<br><br>USM Number:    71946-066<br><br>Mark T. Wilson, Esquire<br>Defendant's Attorney |

## THE DEFENDANT:

**X** pleaded guilty to count(s)   1 and 5 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18::1344 and 2 | Bank fraud and aiding and abetting | 07/29/2011 | 1 |
| 18::1956(h) & 1957(a) | Conspiracy to engage in monetary transactions in property derived from specified unlawful activity | 07/29/2011 | 5 |

    The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

**X** Count(s)   2, 3 and 4    ☐ is    **X** are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 16, 2017
Date of Imposition of Judgment

_____
Signature of Judge

GENE E.K. PRATTER, USDJ
Name and Title of Judge

May 16, 2017
Date

AO 245B (Rev. 02/16) Judgment in Criminal Case
   Sheet 2 — Imprisonment

DEFENDANT:  ANGELICA PHILIPPOPOULOS
CASE NUMBER: DPAE2:14CR000632-002

# IMPRISONMENT

   The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
1 day on each of counts 1 and 5, such terms to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at  _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

             _____
              UNITED STATES MARSHAL

      By _____
          DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
      Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 6 |
|---|---|---|---|---|

DEFENDANT:        ANGELICA PHILIPPOPOULOS
CASE NUMBER:     DPAE2:14CR000632-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

## 5 years on count 1 and 3 years on count 5, such terms to run concurrently.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

**X**    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

**X**    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
      Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 6 |

DEFENDANT:     ANGELICA PHILIPPOPOULOS
CASE NUMBER:    DPAE2:14CR000632-002

# ADDITIONAL SUPERVISED RELEASE TERMS

The Defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the Defendant is in compliance with any payment schedule for any fine or restitution obligation.  The Defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

The Defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the U.S. Probation Office.  The Defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income.

While the Defendant is on supervised release, she shall serve 150 hours of community service per year. The community service shall be performed at a nonprofit organization to be determined by the Defendant in consultation with the Probation Officer.

AO 245B (Rev. 02/16) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

| | | | Judgment — Page | 5 | of | 6 |

DEFENDANT:      ANGELICA PHILIPPOPOULOS
CASE NUMBER:    DPAE2:14CR000632-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 7,423,667.00 |

☐ The determination of restitution is deferred until _____ .An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Beneficial Bank | $7,423,667.00 | $7,423,667.00 | |

| **TOTALS** | $ 7,423,667.00 | $ 7,423,667.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

**X**    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     **X**    the interest requirement is waived for the    ☐ fine   **X**   restitution.

     ☐    the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/16) Judgment in a Criminal Case
       Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6  

DEFENDANT:     ANGELICA PHILIPPOPOULOS
CASE NUMBER:   DPAE2:14CR000632-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   **X**   Lump sum payment of $   7,423,867.00   due immediately, balance due

    ☐  not later than _____ , or
    **X**  in accordance   ☐ C,   ☐ D,   ☐ E, or   **X**  F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   **X**   Special instructions regarding the payment of criminal monetary penalties:

    The restitution is due immediately. The defendant shall satisfy the amount due in monthly installments of not less than $400 to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X**   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    George Trimis - DPAE2:14CR000632-001

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

**X**   The defendant shall forfeit the defendant's interest in the following property to the United States:
    The sum of $7,423,667.00 in United States Currency (Forfeiture Money Judgment)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.